JOHN GRUBBS v. THE STATE.

No. 3747. Decided October 27, 1915.

1.—Assault to Rape—Sufficiency of the Evidence.

Where, upon trial of assault with intent to commit rape, the evidence, although conflicting, sustained the conviction, there was no reversible error.

2.—Same—Argument of Counsel.

Where the motion for new trial objected to the argument of State's counsel, but the same was not sworn to, and it was not verified in the record that the

district attorney used the language objected to, the matter could not be reviewed on appeal.

Appeal from the District Court of Travis. Tried below before the Hon. A. S. Fisher.

Appeal from a conviction of assault with intent to commit rape; penalty, six years imprisonment in the penitentiary.

The prosecutrix testified to the assault upon her by defendant, and that they were interrupted by the officer. The opinion states the case.

*C. C. Parker,* for appellant.—On question of argument of counsel: Gazley v. State, 17 Texas Crim. App., 267; Bryson v. State, 20 id., 566; Robbins v. State, 47 Texas Crim. Rep., 312.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of assault with intent to commit the offense of rape on a girl under fifteen years of age, and his punishment assessed at six years confinement in the state penitentiary.

The only bill of exceptions in the record is reserved to the action of the court in overruling his application for a new trial. Consequently, the only ground of the motion we can review is the one alleging the insufficiency of the testimony to support the conviction. The only other ground in the motion alleges that the district attorney used certain language in his closing address. The motion is not sworn to, and that the district attorney used such language is verified in no way.

We have carefully read the evidence adduced on the trial. There is a sharp conflict in the testimony. The little girl's evidence, like that of many other children, is not entirely satisfactory, but when we take the evidence of other witnesses in the case, we can not say that the jury was not authorized to believe her statement that the appellant did make the attempt. An officer swears that on the occasion in question he caught appellant and the girl in a house occupied alone by him, with the door locked and a pallet on the floor. We do not deem it necessary to recite all the evidence.

The judgment is affirmed.

*Affirmed.*